TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Debbie Bowling

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Debbie Bowling, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Midland Credit Management, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

1
2
3
4

Plaintiff, Debbie Bowling (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Midland Credit Management, Inc. (hereafter "Defendant") and alleges as follows:

5
6
7
8

## JURISDICTION

1.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

9
10
11

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12
13
14
15

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

16

## PARTIES

17
18
19

4.     Plaintiff is an adult individual residing in Huachuca City, Arizona, and is a "person" as defined by 1 U.S.C. § 1.

20

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21
22
23

6.     Defendant is a business entity located in San Diego, California, and is a "person" as the term is defined by 1 U.S.C. § 1.

24
25
26
27
28

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11.     In September of 2019, Plaintiff received a letter from Defendant titled Pre-Legal Notification (the "Letter").

12.     The Letter is the first written correspondence that Plaintiff received from Defendant.

13.     Defendant, in its Letter, failed to inform Plaintiff of her right to dispute the validity of the alleged debt as prescribed by 15 U.S.C. § 1692g.

14.     Moreover, in its letter, Defendant misrepresents "that MCM is considering forwarding this account to an attorney" and "MCM may proceed with forwarding this account to an attorney."

15.     Upon information and belief, Defendant made the above statements for the sole purpose of pressuring Plaintiff to make a payment, and Defendant had no intention of seeking legal recourse against Plaintiff when it sent the Letter.

16.     Defendant's actions caused Plaintiff to suffer a significant amount of stress and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

19.     Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

20.     Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21.     Defendant misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

22.     Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23.     Defendant failed to provide a statement regarding Plaintiff's right to dispute the validity of the alleged debt in its written notice to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(3).

4

24.     Defendant overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692g(b) by pressuring Plaintiff to make an immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692g(a).

25.     The foregoing acts and/or omissions of Defendant constitute violations of the FDCPA, including every one of the above-cited provisions.

26.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

1

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3    DATED:  November 19, 2019                    TRINETTE G. KENT

4
                                        By:   /s/   Trinette G. Kent
5                                       Trinette G. Kent, Esq.
                                        Lemberg Law, LLC
6                                       Attorney for Plaintiff, Debbie Bowling

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28